# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| ROCKY H. CAIN | CIVIL ACTION NO. 03-1372 |
| VERSUS | JUDGE ROBERT G. JAMES |
| TRANSOCEAN OFFSHORE DEEP WATER DRILLING, INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion to Reconsider Summary Judgment ("Motion to Reconsider") [Doc. No. 112] filed by Plaintiff Rocky H. Cain ("Cain"). Cain contends that the Court improperly dismissed his lawsuit against his former employer, Transocean Offshore USA Inc. ("Transocean"), and Transocean's third party claim against The Fontana Center ("Fontana") without addressing his second, separate claim for injuries under the Jones Act, 46 U.S.C. § 688. Cain contends that Transocean has not disputed that he obtained seaman status prior to attending a functional capacity examination ("FCE") and work hardening program conducted by Fontana. Cain further contends that Transocean is liable to him because Transocean negligently failed to instruct or direct Fontana as to the type of jobs Cain would perform on a vessel and because Fontana acted as Transocean's agent when it negligently caused his second injury on January 14, 2002.

Transocean opposes the Motion to Reconsider on procedural and substantive grounds. Transcoean contends that there is no motion for reconsideration under the Federal Rules of Civil

Procedure and that even if this motion were considered under Rule 59(e), it is improper. Substantively, Transocean argues that the Court was previously provided memoranda on the issue of jurisdiction over Cain's second claim, which the parties must presume that the Court considered. Further, Transocean argues that Cain's case was properly dismissed because (1) his January 14, 2002 injury is causally related to his initial injury when he was not a seaman; (2) he was not a seaman on January 14, 2002, because he was required to complete the program at Fontana in order to return to work; (3) Transocean is not liable under *Hopson v. Texaco, Inc.*, 383 U.S. 262 (1966), for the alleged negligence of Fontana because Transocean owed Cain no "duty" to provide a FCE; and (4) Transocean was under no obligation to direct the testing of Fontana.

First, regardless of the title of the motion, the Court considers its substance. The Fifth Circuit is clear that a motion for reconsideration filed within 10 days of entry of judgment, as this one was, will be treated as a motion to alter or amend judgment pursuant to Rule 59(e). *See Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). The Court is not required to rule on the motion within 10 days of entry of judgment. *See generally Kelly v. Moore*, 376 F.3d 481, 484 (5th Cir. 2004) ("Rule 59(d) draws a distinction between a ruling on the court's own motion and a ruling based on a reason not contained in the party's motion. The district court, acting on its own motion, must rule within ten days after entry of judgment," but is not required to rule within ten days if acting on a party's timely filed motion for new trial, even if it does so on grounds not stated in the motion.).

The Court has discretion in deciding whether to reopen a case in response to a motion for reconsideration, but must balance the need for the litigation to close and the need to render just decisions based on the facts. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167,

173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002) (internal quotation marks omitted)). The Fifth Circuit has cautioned that a motion seeking review of a grant of summary judgment seeks "an extraordinary remedy that should be used sparingly." *Id.* at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). Ordinarily, the Court will not grant a Rule 59(e) motion unless (1) the judgment was based upon a manifest error of fact or law, (2) there exists newly discovered or previously unavailable evidence, or (3) there has been an intervening change in controlling law. *See id.* at 478 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989); *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)); see also 11 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 (2d ed. 1995).

The Court finds that none of the grounds for reversing a grant of summary judgment are available in this case and declines to exercise its discretion. First, contrary to Cain's assertion, Transocean did in fact seek summary judgment on Cain's claim for damages based on his alleged injury at Fontana. In its second Motion for Summary Judgment, Transocean argued as follows:

> Likewise, Mr. Cain is not entitled to relief under the Jones Act for his alleged injuries at the Fontana Center. It is clear that Mr. Cain was not a seaman at the time of his alleged initial injury. After recovering from that alleged injury, he was released to return to work by his treating physician and sent by his employer for a [FCE]. It was a requirement that, before Mr. Cain could return to work in any

> capacity, he needed to pass his [FCE]. He was not assigned to any vessel at that
> time and could not be until he passed the FCE (which he did not). The situation is
> analogous to a pre-employment physical; although an employer may intend to hire
> a seaman and send him to a vessel, if he does not pass the physical, it is difficult
> to see how he can be categorized as a "seaman."

[Doc. No. 104, Attachment #1, pp. 4-5].

Second, the Court specifically addressed Cain's injury at Fontana in its Ruling on Transocean's second Motion for Summary Judgment. In footnote 3, the Court stated: "Transocean has also argued that Cain cannot meet his burden of showing seaman status at the time of his alleged injuries at The Fontana Center because he had not yet been assigned to any vessel. While the Court agrees with Transocean's assessment of the law, Cain did not respond to that argument, and the Court can only assume that he concedes the point." [Doc. No. 110, p. 7 n.3].

Third, as Transocean points out, both parties briefed Cain's seaman status at the time of injury at Fontana in their responses to the Court's May 6, 2005 minute entry [Doc. No. 83]. In that minute entry, the Court requested that the parties brief several issues, including whether the Court would retain jurisdiction over Cain's claims against Transocean for his alleged second injury at Fontana if the Court determined that it lacked jurisdiction over his initial injury. *See* [Doc. No. 83, p. 2].

Both Transocean and Cain responded to the Court's minute entry. At that time, Transocean explained that it sought "dismissal of claims for both the first and second incidents." [Doc. No. 86, p. 17]. Transocean further argued that Cain was not a seaman at the time of the second incident because he had not been aboard the CAJUN EXPRESS for six months and that

he had been tentatively "assigned" to work in Africa if he passed his FCE. [Doc. No. 86, p. 17].

If he failed his FCE, he would not "return to work at all." [Doc. No. 86, pp. 17-18]. Because he was "not assigned to a vessel at that time," Cain "was not a seaman" when he was allegedly injured at Fontana. [Doc. No. 86, p. 18]. In the alternative, Transocean argued, relying on Judge Lemelle's ruling in *Hyman v. Transocean Offshore Deepwater Drilling, Inc.*, Civ. Action No. 03-2959, United States District Court, Eastern District of Louisiana, that Cain's second claim "arose as a result of and was connected to the first alleged incident (when he was a longshoreman)," and thus it should also be dismissed. [Doc. No. 86, p. 18].

In his response to the Court's May 6, 2005 minute entry, Cain argued that he had obtained seaman status aboard the CAJUN EXPRESS in April or May 2001 and that he continued to be a seaman at the time of his January 2002 injury. [Doc. No. 85, pp. 4-5]. He further argued that, prior to his FCE in January 2002, Transocean had assigned him to work on a drilling barge off the coast of Africa. [Doc. No. 85, p. 5].

Now, in his latest memorandum, Cain fails to mention Transocean's arguments regarding his second injury and the Court's footnote addressing the second injury. He merely rehashes his earlier argument that he obtained seaman status in April or May 2001 and that he retained his seaman status at the time of his injury at Fontana. He then goes on to argue that, assuming he has seaman status, Transocean is liable for his second injury because of its own negligence and because it is vicariously liable for the acts of its alleged agent, Fontana.

Although this case has a convoluted procedural history, it is clear that the parties have had the opportunity to brief the issue of Cain's seaman status at the time of his injuries in both September 2000 and in January 2002. It is also clear that Transocean sought summary judgment

on all of Cain's Jones Act claims. Finally, it is clear that the Court determined that Cain did not have a connection to a vessel in navigation at the time of either injury. While the Court addressed the second injury in a footnote (since Cain had not opposed summary judgment on this claim), the Court's ruling would have been the same, whether in a footnote or the body of the ruling: Cain was not a seaman at the time of his injury at Fontana because he did not have a connection to a vessel in navigation. Cain had not had a connection with any vessel in navigation since June 2001, almost seven months earlier, with he left the CAJUN EXPRESS. Contingent on his passage of a FCE at Fontana, Cain had been notified that he would not be returning to the CAJUN EXPRESS, but to a drilling barge off the coast of Africa, but Cain did not pass the FCE and thus never returned to work as a seaman.

Under these circumstances, the Court finds no reason to set aside its grant of summary judgment to Transocean on Cain's claims under the Jones Act. Cain's Motion to Reconsider is DENIED.

MONROE, LOUISIANA, this 24th day of October, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE